Scott Edward Cole, Esq. (S.B. #160744)
Mark G. Griffin, Esq. (S.B. #314952)
Andrew Daniel Weaver, Esq. (S.B. #318935)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: mgriffin@scalaw.com
Email: aweaver@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class(es)

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CHRISTINA NEUMANN, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

APPLE, INC.

Defendant.

**Case No.**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE/EQUITABLE RELIEF**

***JURY TRIAL DEMANDED***

Representative Plaintiff alleges as follows:

## INTRODUCTION

1. This is a class action brought by Representative Plaintiff on behalf of herself as well as on behalf of California and national classes of all entities/persons who purchased iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, and iPhone 7 Plus units from Apple, Inc. ("Apple") or other retailers.

2. Apple introduced the iPhone 6 on September 19, 2014 and the iPhone 6s on September 25, 2015. In late 2016, Apple introduced the iPhone 7, with iterations thereof appearing on the worldwide market thereafter.

3. Throughout 2015 and 2016, consumers began reporting issues with their iPhones unexpectedly shutting down while they still maintained a substantial battery charge. In November 2016, Apple admitted to a manufacturing defect in certain iPhone 6s models and issued a replacement program, all the while knowing that the problem was far more widespread. Instead of issuing a larger replacement program, however, Apple secretly modified the operating system of the Affected iPhones to slow their processors when the defective batteries could not support these processors' demands.

4. As a result of Apple's misconduct, the performance of nearly all aspects of Representative Plaintiff's and class member's iPhones decreased, and continues to be decreased. In the meantime, many class members, as Apple did expect, or at least should have expected, bought new iPhones, naturally assuming that their iPhones were worn out when, in fact, they were merely suffering from a defect which could properly have been addressed with a new battery.

5. Finally, after independent testing[1] revealed different processing speeds with different versions of Apple's iOS operating system, Apple released a public statement admitting that it had added a "feature" to iOS which was slowing down iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7 and iPhone 7 Plus (the Affected iPhones).[2]

6. As a result of these events, Representative Plaintiff, on behalf of herself and members of each of the respective classes (hereinafter "class members" in one or more of the classes identified herein), seeks damages, interest thereon, restitution, injunctive and other equitable relief, reasonable attorneys' fees and costs as a result of Apple's numerous unlawful and/or deceptive business practices, as detailed herein.

1 https://www.geekbench.com/blog/2017/12/iphone-performance-and-battery-age/

2 https://techcrunch.com/2017/12/20/apple-addresses-why-people-are-saying-their-iphones-with-older-batteries-are-running-slower/

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court due to the existence of federal questions of law and under the Class Action Fairness Act, 28 U.S.C. §1332(d). The aggregated claims of individual class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs, and this is a class action in which members of the Nationwide plaintiff classes are citizens of many (likely all) states, and the Defendant is a citizen of California. Supplemental jurisdiction to adjudicate issues pertaining to California state law is proper in this Court under 28 U.S.C. §1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391 and Local Rule 3-2(e), because Apple is headquartered in the Northern District of California, and the events that gave rise to Representative Plaintiff's claims took place within Santa Clara County. Moreover, assignment to the San Jose Division is proper because this district is where the headquarters of Apple is located and a substantial part of the events and omissions which gave rise to the claims occurred at Apple's headquarters in Cupertino, Santa Clara County, California.

## REPRESENTATIVE PLAINTIFF

9. Plaintiff Christina Neumann is adult individual and resident of the State of California. She is referred to in this Complaint as the "Representative Plaintiff." Representative Plaintiff is an owner of an Affected iPhone and was damaged by Apple's conduct, as set forth herein.

10. At all times herein relevant, Representative Plaintiff is and was a member of both the National and California classes.

11. Representative Plaintiff brings this action on behalf of herself, and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

## DEFENDANTS

12. Defendant Apple, Inc. is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.

13. Apple, Inc. is a global designer, manufacturer, and vendor of computer products, and is the largest publicly-traded corporation in the world with a market capitalization of over

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

$900 billion as of January 12, 2017. It "designs, manufactures and markets mobile communication and media devices and personal computers, and sells a variety of related software, services, accessories, networking solutions and third party digital content and applications." (Apple form 10-K, 9/30/17).

14. Apple introduced the original iPhone in 2007 and has released at least one updated model every year since. According to Apple, over 50% of the company's revenue is derived from one or more iterations of the iPhone product.[3] As such, Apple's success is highly dependent on sales of the iPhone, including selling to existing consumers new versions of the iPhone.

15. As a technical leader in its industry, Apple designs, manufactures and markets computer products to millions of businesses, governmental units and individual consumers across the globe, operating through various subsidiaries. Each of these subsidiaries acted as agents of Apple or, in the alternative, acted in concert with Apple, as alleged in this Complaint.

## CLASS ACTION ALLEGATIONS

16. Representative Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and the following classes/subclass(es) (collectively, the "classes"):

National iPhone Class:
"All persons/entities who lived/operated in the United States (including its Territories and the District of Columbia) and owned an iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, and/or iPhone 7 Plus during the relevant time period."

California iPhone Class:
"All persons/entities who lived/operated in California and owned an iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, and/or iPhone 7 Plus during the relevant time period."

17. Defendant, and its officers, directors and employees, as well as the Judge assigned to this matter, the jury in this case and the members of their immediate families and Representative Plaintiff's counsel's law firm are excluded from each of the Plaintiff classes.

---

3 https://www.apple.com/newsroom/pdfs/fy17-q4/Q4FY17DataSummary.pdf

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

18. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable:

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff classes are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of class members is in the millions of individuals. Membership in the classes will be determined by analysis of Apple's records.

b. Commonality: The Representative Plaintiff and the class members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1) Whether Apple should have notified consumers before it implemented any kind of software update that limited the speed and/or performance of consumer's iPhones;

2) Whether Apple had a duty to disclose the nature of any iPhone defect to Plaintiff and class members;

3) Whether Apple failed to disclose or concealed material information concerning any iPhone defects;

4) Whether Apple breached any express or implied warranties;

5) Whether Apple engaged in fraud;

6) Whether Apple's conduct and business practices violate the Consumer Legal Remedies Act ("CLRA") Civil Code §§1750, *et seq.*;

7) Whether Apple's conduct and business practices violate the Unfair Competition Law ("UCL") Civil Code §§17200, *et seq.*;

8) Whether Apple's conduct constituted deceptive trade practices; and

9) Whether Representative Plaintiff and class members are entitled to relief, and the amount and nature of such relief, including injunctive relief and/or restitution.

c. Typicality: The Representative Plaintiff's claims are typical of the claims of the Plaintiff classes. Representative Plaintiff and all members of the Plaintiff classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d. Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of each of the Plaintiff classes in that the Representative Plaintiff has the same interest in the litigation of this case as class members, is committed to vigorous prosecution of this case and has retained competent counsel who is highly-experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other class members or the classes in their entirety. The Representative Plaintiff anticipates no management difficulties in this litigation.

e. Superiority of Class Action: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

### Apple Consumers' Expectations

19. Apple Inc. designs, manufactures and distributes the iPhone device as well as the iOS software. On information and belief, Apple has distributed, directly or indirectly through its partner retailers, hundreds of millions of iPhone devices and copies of various iOS iterations in California, across the United States and throughout the world.

20. Consumers purchased iPhones under the reasonable expectation that battery capacity may decrease as batteries age, but processor performance would remain the same.[4] Consumers also reasonably believed and trusted that, if Apple took steps to reduce the performance

[4] https://www.geekbench.com/blog/2017/12/iphone-performance-and-battery-age/



SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

of consumers' iPhones, Apple would be forthcoming with that information, giving consumers an opportunity to make informed decisions about how to address the issue, including whether purchase of a new iPhone and/or battery was warranted. Finally, consumers reasonably believed that Apple would honor its warranties and make sufficient information available to consumers so they could make informed decisions as whether to enforce those warranties.

21. As an iPhone 6 purchaser and user, Representative Plaintiff shared all of these expectations with her fellow class members.

**<u>Discovery of the iPhone Battery Defect</u>**

22. Despite consumer's reasonable expectations, as detailed above, Apple knew and/or should have known--and yet refused to timely disclose--that the iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7 and iPhone 7 Plus models were and are defective, including, but not limited to, defects in their design and manufacturing which cause(d) them to shut down unexpectedly during normal use. Among other potential cures, and as some publications have noted, Apple could have designed iPhones with bigger batteries that did not degrade as quickly or making it easier to replace them.[5]

23. Indeed, as early as 2015, numerous iPhone users (including Representative Plaintiff) experienced and/or reported decreased processing speeds on their iPhones, making iPhones unnecessarily slow at performing ordinary tasks such as opening apps, updating apps, loading webpages, and responding to inputs. These unexpected shut downs were routinely occurring while a substantial amount of battery life remained.[6]

24. At all relevant times herein, Representative Plaintiff owned (and still owns) an iPhone 6 and encountered many of the same issues encountered by other iPhone owners, including significantly slower performance and unexpected shut downs of the device. Among other responses, Representative Plaintiff purchased a new battery for her iPhone.

---

[5] https://gizmodo.com/now-the-senate-wants-answers-about-apples-iphone-thrott-1821975549

[6] https://www.macrumors.com/2015/10/01/iphone-6s-random-turnoff/).

25. On November 30, 2016, Apple created a voluntary replacement program for "a very small number of iPhone 6s devices [that] may unexpectedly shut down." It further claimed that the issue "only affects devices within a limited serial number range that were manufactured between September and October 2015."[7] Consumers who participated in this program were provided a replacement battery free of charge.

26. On January 23, 2017, Apple released and distributed iOS 10.2.1. According to Apple's website, the 10.2.1 operating system update "includes bug fixes and improves the security of your iPhone or iPad. It also improves power management during peak workloads to avoid unexpected shutdowns on iPhone."[8]/ [9]

27. What iOS 10.2.1 also set out to (and did) accomplish, however, was to change the power management of iPhones in a way that decreased processor performance.

28. Not until December 20, 2017 did Apple disclose this feature on its website or in any other manner which would have led a reasonable consumer to deduce that downloading the new operating system would negatively impact performance.

29. Rather that disclosing this information to consumers earlier, and despite widespread reporting and consumer complaints on this issue, Apple recommended solutions that Apple knew and/or should have known would not permanently fix the issue.

30. At all times herein relevant, Apple hosted a support forum on its website. As well as allowing users to post issues and communicate solutions with one another, Apple selected and recommended certain solutions based on its expertise and marks them as "answers" to the issues. Throughout 2017, many class members sought advice vis-à-vis Apple's support forum for a resolution to the poor (slowed) performance of their iPhones. In response to those requests, consumers were advised to reset their iPhones or simply told that the performance issues were normal, temporary and common to new updates and would resolve organically in time. Apple offered this advice and placated consumer concerns while knowing the offered solutions/suggestions would not resolve the underlying issues.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

7 https://www.apple.com/support/iphone6s-unexpectedshutdown/

8 https://support.apple.com/kb/DL1893?locale=en_US

9 https://support.apple.com/en-us/HT207482

31. On December 2, 2017, despite knowledge of these complaints, and in further breach of its duties of full disclosure, Apple released iOS 11.2, an updated operating system which, unbeknownst to class members, further slowed iPhone 6 variants, and extended the same processor throttling to iPhone 7 variants. As with iOS 10.2.1 (launched early in the year), Apple failed to disclose that it had inserted code into the update which would slow the performance of devices, despite numerous complaints about the performance of devices updated to iOS 10.2.1. Once again, Apple made no mention of the power management changes therein which would adversely impact processor performance.[10]

32. On December 18, 2017, in response to a discussion on Reddit.com regarding performance as a function of battery age, John Poole (founder of Primate Labs in Toronto Canada) conducted a series of tests on the processing power of iPhone 6s and iPhone 7s with different versions of the iOS operating system installed.[11] Through his analysis, he determined that a large number of iPhones were processing information slower *due to* the iOS update. It was at this point when most iPhone consumers first became aware of the defect.

33. In response to a media request by Techcrunch.com on December 20, 2017 regarding the alleged defect, Apple released the following statement:

> "Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.
>
> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future."[12]

34. On December 28, 2017, Apple Inc. released a second statement explaining that, as part of iOS update 10.2.1 (released January 23, 2017) Apple had begun limiting processor power

---

[10] https://support.apple.com/en-us/HT208067

[11] https://www.geekbench.com/blog/2017/12/iphone-performance-and-battery-age/

[12] https://techcrunch.com/2017/12/20/apple-addresses-why-people-are-saying-their-iphones-with-older-batteries-are-running-slower/

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

during peak processor workloads to prevent unexpected shutdowns of iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, and iPhone SE models.[13] It further admitted that iOS 11.2 (released on December 2, 2017) brought the same "feature" of slowing down iPhones at peak processing speeds to the iPhone 7 and iPhone 7 Plus. As part of this second announcement, and while facing considerable consumer pressure for a better response and the risk of additional lost consumer confidence, Apple reduced the out-of-warranty battery replacement price from $79 to $29.

35. In the interim, however, many consumers, reasonably concluding that their current iPhones were obsolete, purchased new iPhones and/or batteries at higher prices or stopped using their iPhones altogether (in some circumstances opting to purchase competitors' products instead). Indeed, rather than instructing its salespeople to inform consumers that a battery replacement would address these consumers' concerns, Apple withheld that information and permitted and/or encouraged consumers to sustain various damages (e.g., to purchase new iPhones at a much greater expense).

**<u>FIRST CLAIM FOR RELIEF</u>**
**FRAUD/FRAUDULENT CONCEALMENT**
*(for the California and National Classes)*

36. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

37. At all times relevant herein, Apple made misrepresentations of material fact to Representative Plaintiff and class members regarding the true nature and scope of the battery defect, claiming that an "unknown" problem was causing Affected iPhones to shutdown unexpectedly. Apple also falsely represented the reason that it modified iOS (to prolong battery life) in Affected iPhones, knowing that the modification also substantially slowed the performance of Affected iPhones. Apple knew those representations were false when made.

38. Apple concealed material facts from Representative Plaintiff and class members, including the following:

---

13 https://www.apple.com/iphone-battery-and-performance/

a. The existence, nature, and scope of the battery defect;

b. That modifying iOS for the ostensible purpose of prolonging battery life also caused Affected iPhones to perform substantially slower as their batteries aged, notwithstanding the iOS modification;

c. That the battery defect could only be remedied by replacing the lithium batteries in Affected iPhones;

d. That Apple concealed the foregoing facts from Representative Plaintiff and class members as a means of avoiding the expense involved with rectifying the battery defect.

39. Apple had a duty to disclose the facts, regardless of the existence of privity (*see, e.g.,* Cal. Civ. Code § 1711), by virtue of:

a. Apple's exclusive knowledge about the nature and scope of the battery defect, and that its modifications of iOS caused Affected iPhones to perform poorly;

b. Apple's awareness that Representative Plaintiff and class members were not reasonably likely to discover these facts;

c. Apple's active concealment of those facts (by, *inter alia,* making the false representations described above); and

d. Apple's statutory and common law obligations to disclose material information to the consumers who own and/or formerly owned Affected iPhones.

40. The facts Apple concealed from consumers were material and uniform to Representative Plaintiff and class members.

41. Apple made misrepresentations of material fact and concealed the material facts alleged herein intentionally and/or recklessly so as to induce reliance thereupon. Representative Plaintiff and class members would have acted differently had the omitted facts been disclosed to them.

42. As a direct and proximate result of Apple's misrepresentation, concealment, and suppression of material facts, Representative Plaintiff and class members have sustained damage by, *inter alia*, bearing the cost of purchasing new Affected iPhones, bearing the cost of repairs due to the battery defect and/or problems resulting from the slow performance caused by the iOS modification and/or bearing the cost of purchasing replacement devices. The total amount of damages suffered by Representative Plaintiff and class members will be proved at trial. Further,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Representative Plaintiff and class members are entitled to and hereby seek rescission, interest, costs of suit, attorneys' fees and/or other relief the court deems appropriate.

43. Finally, at all times herein mentioned, Apple intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiff and class members, and because Apple was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiff and class members are entitled to an award of exemplary or punitive damages against Apple in an amount adequate to deter such conduct in the future.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**
**(California Civil Code §1750, *et seq.*)**
*(for the California Class Only)*

44. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

45. This claim for relief is brought pursuant to the CLRA (the Consumer Legal Remedies Act; Cal. Civ. Code §§ 1750, *et al.*). Representative Plaintiff and the California class members are "consumers," as that term is defined by Civil Code § 1761(d) because they bought Affected iPhones for, at least in part, personal, family, or household purposes.

46. Representative Plaintiff and the California class members have engaged in a "transaction" with Apple, as that term is defined by Civil Code § 1761(e).

47. Apple's conduct constitutes an unfair method of competition and unfair and deceptive acts and practices under the CLRA, and were undertaken in transactions intended to result in, and which in fact resulted in, the sale of goods to consumers--namely, to sell replacement batteries, repair services and/or replacement devices for Affected iPhones.

48. By engaging in the conduct alleged above, Apple violated California Civil Code § 1770 by, *inter alia*, misrepresenting and concealing the nature and scope of the battery defect and that Apple's iOS would cause Affected iPhones to perform slowly and erratically, waiting to disclose these facts until *after* California class members bore the cost of purchasing replacement devices and/or otherwise incurred damages.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

49. By concealing the battery defect and the iOS modification from California class members, Apple misrepresented and continues to represent that the Affected iPhones have particular characteristics, uses and benefits or qualities, and are of a particular standard, quality or grade, in violation of Civil Code § 1770.

50. By engaging in the conduct alleged herein, above, Apple has also advertised and continues to advertise goods with the intent not to sell them as advertised, in violation of California Civil code § 1770(a)(9).

51. Pursuant to § 1782 of the CLRA, Representative Plaintiff sent written notice to Apple by certified mail regarding its violations of the CLRA, thereby providing Apple with an opportunity to correct or otherwise rectify the problems alleged herein within 30 days of receipt of that notice.

52. Unless Apple agrees to correct, repair, replace, or otherwise rectify the problems, Representative Plaintiff will amend this Complaint to seek an order awarding actual and punitive damages.

53. Representative Plaintiff now seeks an order requiring Apple to, *inter alia*: (a) cease violating the CLRA by modifying iOS in a manner that prevents it from slowing the performance of Affected iPhones, (b) notify California class members that the slow performance of Affected iPhones is the result of modifications Apple made to iOS, and (c) provide California class members with new batteries for Affected iPhones free of charge for the life of the Affected iPhone.

## THIRD CLAIM FOR RELIEF
## BREACH OF STATUTORY EXPRESS WARRANTY
**(Under the Magnuson-Moss Warranty Act, 15. U.S.C. § 2301 *et seq.*)**
*(for the California and National Classes)*

54. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55. Representative Plaintiff and the remaining class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C § 2301(3).

56. Apple is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

57. The Affected iPhones are "consumer products" within the meaning of 15 U.S.C § 2301(1).

58. Each of Apple's warranties is a "written warranty" within the meaning of 15 U.S.C. § 2301(6).

59. Apple breached its warranty by, *inter alia*:

a. Failing to honor (either directly or by omission of fact) its extended one-year limited warranty to repair or replace Affected iPhones defective in material or workmanship at no cost to the owner;

b. Selling Affected iPhones with defective designs and/or manufacturing such that they would shut down unexpectedly during normal use, requiring repair or replacement within the warranty period;

c. Pushing software updates which failed to repair defective Affected iPhones; and

d. Refusing to repair or replace Affected iPhones with non-defective parts.

60. Apple's breach of warranty deprived Representative Plaintiff and class members of the benefits of their bargains.

61. The amount in controversy in this action exceeds $50,000.00 (exclusive of interest and costs).

62. There are more than 100 members each of the proposed classes/subclasses.

63. Apple has had a reasonable opportunity to cure its breach of written warranty.

64. As a direct and proximate result of Apple's breach of express warranty, Representative Plaintiff and class members sustained damages and other losses in an amount to be determined at trial. Further, Representative Plaintiff and class members are entitled to and hereby seek rescission, interest, costs of suit, attorneys' fees and/or other relief the court deems appropriate.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**FOURTH CLAIM FOR RELIEF**
**BREACH OF EXPRESS WARRANTY**
*(for the California and National Classes)*

65. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66. Apple warranted that each Affected iPhone was free of defects when it sold the devices to Representative Plaintiff and class members. Under the terms of Apple's warranty, each Affected iPhone came with an express warranty that the devices would be free from defects in materials and workmanship under normal use at all times during the warranty period.

67. This warranty became part of the basis of the bargain. Accordingly, Apple's warranty is an express warranty.

68. Apple breached its warranty by, *inter alia*:

a. Failing to honor (either directly or by omission of fact) its extended one-year limited warranty to repair or replace Affected iPhones defective in material or workmanship at no cost to the owner;

b. Selling Affected iPhones with defective designs and/or manufacturing such that they would shut down unexpectedly during normal use, requiring repair or replacement within the warranty period;

c. Pushing software updates which failed to repair defective Affected iPhones; and

d. Refusing to repair or replace Affected iPhones with non-defective parts.

69. Apple was on notice of the defect(s) vis-a-vis complaints and service requests from class members, internet message boards and support forums maintained by Apple, and from published product reviews.

70. As a direct and proximate result of Apple's breach of express warranty, Representative Plaintiff and class members sustained damages and other losses in an amount to be determined at trial. Further, Representative Plaintiff and class members are entitled to and hereby seek rescission, interest, costs of suit, attorneys' fees and/or other relief the court deems appropriate.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**FIFTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
*(for the California and National Classes)*

71. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72. During the limitations period, Representative Plaintiff and class members entered into valid contracts, supported by sufficient consideration, pursuant to which Apple was obligated to, *inter alia*, "(i) repair the Apple Product using new or previously used parts that are equivalent to new in performance and reliability, (ii) replace the Apple Product with the same model (or with your consent a product that has similar functionality) formed from new and/or previously used parts that are equivalent to new in performance and reliability, or (iii) exchange the Apple Product for a refund of your purchase price."[14]

73. Representative Plaintiff and class members performed and/or, prior to the termination thereof, remained ready, willing, and able to perform all material terms of these agreements.

74. Despite the foregoing, Apple materially breached its contract(s) with Representative Plaintiff and class members by throttling iPhone speeds using hidden software, rather than fixing the defect(s) and returning the Affected iPhones to their previous performance and reliability levels.

75. As a direct and proximate result of Apple's breach of express warranty, Representative Plaintiff and class members sustained damages and other losses in an amount to be determined at trial. Further, Representative Plaintiff and class members are entitled to and hereby seek rescission, interest, costs of suit, attorneys' fees and/or other relief the court deems appropriate.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

14 https://www.apple.com/legal/warranty/products/ios-warranty-document-us.html

**SIXTH CLAIM FOR RELIEF**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
*(for the California and National Classes)*

76. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

77. Representative Plaintiff and class members entered into valid contracts, supported by sufficient consideration, as referenced above, pursuant to which Apple was obligated, *inter alia*, to "(i) repair the Apple Product using new or previously used parts that are equivalent to new in performance and reliability, (ii) replace the Apple Product with the same model (or with your consent a product that has similar functionality) formed from new and/or previously used parts that are equivalent to new in performance and reliability, or (iii) exchange the Apple Product for a refund of your purchase price."[15]

78. Representative Plaintiff and class members performed and/or, prior to the termination thereof, remained ready, willing, and able to perform all material terms of these agreements.

79. These agreements contained an implied covenant of good faith and fair dealing, which obligated Apple to perform the terms and conditions thereof fairly and in good faith, and to refrain from doing any act that would prevent or impede Representative Plaintiff and/or class members from performing any or all of the conditions of the contract(s) they agreed to perform, or any act that would deprive Representative Plaintiff and/or class members of any of the benefits of the contract(s).

80. In breach of said duties, Apple unfairly deprived Representative Plaintiff and class members of the intended benefits of their contracts with Apple.

81. As a direct and proximate result of Apple's breach of express warranty, Representative Plaintiff and class members sustained damages and other losses in an amount to be determined at trial. Further, Representative Plaintiff and class members are entitled to and hereby seek rescission, interest, costs of suit, attorneys' fees and/or other relief the court deems appropriate.

[15] https://www.apple.com/legal/warranty/products/ios-warranty-document-us.html

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**SEVENTH CLAIM FOR RELIEF**

**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**

**(California Business & Professions Code §§ 17200-17208)**

*(for the California Class Only)*

82. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

83. Representative Plaintiff and California class members bring this cause of action, seeking equitable and statutory relief to stop the misconduct of Apple, as complained of herein, and seeking restitution from Apple for the unfair, unlawful and fraudulent business practices described herein.

84. The knowing conduct of Apple, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208 (the "UCL"). Such violations include, but are not necessarily limited to fraudulent and deceitful conduct and violations of California Civil Code §§ 1709-1711 and the Consumer Legal Remedies Act, California Civil Code §§ 1770(a)(5), (a)(7), and (a)(9).

85. Apple's violations of the UCL continue to this day.

86. In engaging in these unlawful business practices, Apple has enjoyed an advantage over its competition and a resultant disadvantage to the public and California class members.

87. Apple's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Apple's competitors, engenders an unfair competitive advantage for Apple, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§17200-17208.

88. Apple has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and California class members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Apple and as set forth in legislation and the judicial record.

89. Representative Plaintiff and California class members request that this Court enter such orders or judgments as may be necessary to enjoin Apple from continuing its unfair, unlawful, and/or deceptive practices and to restore to Representative Plaintiff and California class members

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

any money Apple acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §17200, *et seq.*; and for such other relief set forth below.

## REQUEST FOR RELIEF

**WHEREFORE**, the Representative Plaintiff, on behalf of herself and each member of the proposed National and California classes, respectfully request that the Court enter judgment in their favor and for the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1. That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel as Class Counsel;

2. For an award to Representative Plaintiff and members of both classes of compensatory and special damages in an amount to be proven at trial;

3. That Defendant be found to have made negligent misrepresentations/omissions of fact to Representative Plaintiff and members of both classes;

4. [*For the California class only*]: That the Court enjoin Defendants, ordering them to cease and desist from unlawful activities in further violation of California Business and Professions Code §17200, *et seq.*;

5. For equitable relief enjoining Apple from engaging in the wrongful conduct alleged herein;

6. For interest on the amount of any and all economic losses, at the prevailing legal rate;

7. For an award of punitive and/or exemplary damages, in an amount sufficient to deter such conduct in the future;

8. For an award of reasonable attorneys' fees, pursuant to California Code of Civil Procedure §1021.5, *inter alia*;

9. For costs of suit and any and all other such relief as the Court deems just and proper;

10. For all other Orders, findings, and determinations identified and sought in this Complaint.

**JURY DEMAND**

Representative Plaintiff and members of each of the Plaintiff classes hereby demand trial by jury on all issues triable of right by jury.

Dated: January 16, 2018

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Scott Edward Cole
Scott Edward Cole, Esq.
Attorneys for Representative Plaintiff and the Plaintiff class(es)

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800